JAMES C. RYAN, Admr.

*v.*

CHARLES DUNCAN *et al.*

1. ADMINISTRATOR—*bill by, to remove cloud.* An administrator, taking neither an estate, title nor interest in the lands of his intestate, can not maintain a bill to remove a cloud from such lands. He takes a mere power to sell to pay debts of the intestate, and if he sells for that purpose, he must take the land as he finds it.

2. CHANCERY—*answering does not waive objection to party's right to sue.* The general rule is, that if a bill is bad on demurrer, the court will not grant relief on the hearing, though the defendant answers. An objection, such as that there is a complete remedy at law, comes too late when made on the hearing, for the first time. In such cases the objection must be taken either by demurrer to the bill or in the answer.

APPEAL from the Circuit Court of Clark county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a bill in chancery, brought by James C. Ryan, the appellant, administrator of the estate of Nathan Willard, deceased, to remove a cloud from the title, and to recover possession of certain lands of which it is alleged the said Nathan Willard died seized.

The bill alleged that the said Willard was the owner of the premises, and derived his title thereto, by deed, from the master in chancery of Clark county, made upon sale of the premises under a decree of foreclosure of a mortgage of the same, by Samuel L. Porter and Jesse C. Porter to Willard, the

decree of foreclosure having been entered at the February term, 1867, of the Clark circuit court, the master's sale made to Willard December 4, 1869, and the master's deed to him executed July 5, 1871; that the Porters, against whom the decree of foreclosure was rendered, derived their title from Robert Carlin and wife, by their deed of the date of August 4, 1864, which was duly recorded; that after the decree of foreclosure, Robert Carlin and wife, on the 22d day of June, 1868, made and delivered their deed to Charles Duncan and George Duncan, two of the defendants, for the premises, which was recorded, and is a cloud upon the title under the foreclosure sale; that Doctor Hill, the other defendant, claims some interest in a portion of the premises as derived from the Duncans; that Nathan Willard departed this life Dec. 1, 1871.

The answer denied that the complainant, as administrator, had any interest in or power over the real estate in question, and set up, further, among other matters, that the mortgage from the Porters to Willard, and the decree of foreclosure, were fraudulent and void, as having been made and obtained for the purpose of defrauding existing creditors of the Porters, among whom were one Robbins and Simon and Robert Carlin, to the latter of whom the Porters were indebted in the sum of $600—purchase money of the premises; that Simon and Robbins, on their claims, sued out attachments against the Porters in January, 1866, wherein they obtained judgments, upon which the lands were sold under execution to one Dulaney, in January, 1867; that in June, 1865, Robert Carlin obtained a judgment on his claim against the Porters for $661.26, and as judgment creditor he redeemed from the sales to Dulaney, and on June 20, 1868, the lands were struck off and sold to Carlin, on his execution upon his judgment against the Porters.

Replication was filed, and proofs were fully taken in favor of and against the several matters of defense set up in the answer, and upon final hearing the court below dismissed the bill, and the complainant appealed.

Messrs. WHITEHEAD & JONES, for the appellant.

Messrs. WILKIN & WILKIN, and Messrs. DULANEY & GOLDEN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

If for no other reason, we think the decree of dismissal of the bill must be sustained upon the ground of the inability of an administrator to maintain a bill of this character.

The administrator is the sole representative of the personal estate, but not of the real property. The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts. This court has repeatedly decided, that an administrator takes neither an estate, title nor interest in the realty, and that he can not support any possessory or real action, in law or equity, for the recovery or maintenance of possession or title, or to clear up title from clouds from adverse claims; that, if necessary to sell for the payment of debts, he must take the estate as he finds it, and if incumbered, or there be clouds upon the title, sell it subject thereto. *Stone* v. *Wood,* 16 Ill. 177; *Smith* v. *McConnell,* 17 id. 135; *Walbridge* v. *Day,* 31 id. 379; *Phelps* v. *Funkhouser,* 39 id. 402; *Cutter* v. *Thompson,* 51 id. 390; *LeMoyne* v. *Quimby et al.* 70 id. 399; *Gridley* v. *Watson,* 53 id. 186.

It is true, that in the latter case, which was a bill by an administrator of a like character with this, the court said, that the bill was obnoxious to a general demurrer on the ground above; but as the bill had been fully answered, and an issue made up thereon, and a cross-bill filed and fully answered, and an issue made up and tried on testimony taken, the cause was properly heard upon the merits, and the decree there, in favor of the administrator, was affirmed. That case is not to be understood as deciding that an answer is a waiver of such matter as might have been objected to by demurrer.

The general rule is, as laid down in Mitf. Ch. Pl. 157, that "if a demurrer would hold to a bill, the court, though the defendant answers, will not grant relief upon hearing the cause. There have been, however, cases, in which the court has given relief upon hearing, though a demurrer to the relief would probably have been allowed; but the cases are rare." Where an objection, as to the jurisdiction of the court that there was a perfect remedy at law, has been made for the first time at the hearing, it has been held that the objection came too late—that it should have been taken either by demurrer to the bill, or by insisting on it as a ground of defense in the answer. *Hawley* v. *Cramer,* 4 Cow. 727; *Grandin* v. *Le Roy,* 2 Paige, 509; *The Bank of Utica* v. *Merseveau,* 3 Barb. Ch. 574. We understand that the case of *Gridley* v. *Watson, supra,* was one where the objection was first made at the hearing or in this court. We infer, from the statement there of what the answer contained, that it did not raise any objection to the right of the administrator to bring the bill.

But in the present case, the answer expressly insists on the want of any interest in or power over the real estate in question on the part of the administrator, as a ground of defense to the bill.

The decree will be affirmed.

*Decree affirmed.*

Mr. Chief Justice Scholfield took no part in the decision of this case.