JOHN GRIMMER et al.

v.

CHARLES FRIEDERICH et al.

*Filed at Mt. Vernon November 11, 1896.*

1. PLEADING—*in chancery—when answering over does not waive defects in bill.* Defects of a bill in chancery are not waived by pleading over after demurrer thereto is overruled, where they are so great that the bill will not support a decree.

2. APPEALS AND ERRORS—*when certificate of evidence is not necessary.* The absence of a certificate of evidence in a chancery appeal does not preclude a consideration upon the merits, where the bill seeks construction of a will which can be construed upon its face, and in the construction of which extrinsic evidence could not aid.

3. REAL PROPERTY—*the law favors vesting of estates.* The law does not favor the abeyance of estates, and estates in remainder vest at the earliest period possible unless a contrary intention appears.

4. WILLS—*construction of particular words as to vesting of remainder.* A devise to the testator's widow for life, with provision that after her death "all the remainder * * * shall be equally divided among my surviving children *and their heirs,*" creates a vested remainder in children surviving the testator, and the vesting is not postponed until the death of the widow. (*Ridgeway* v. *Underwood,* 67 Ill. 419, and *Blatchford* v. *Newberry,* 99 id. 11, distinguished.)

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

One John Grimmer died testate April 25, 1873, leaving at the time of his death a widow, five sons and four daughters. By his last will and testament, made about three weeks before his death, and afterwards duly probated, he devised his property as follows:

"*First*—I give and bequeath to my beloved wife, Magdalena Grimmer, the use and control of my personal property and the renting and profits of my real estate during her natural life, and she to pay all my just debts and taxes on my land after my death.

"*Second*—After the death of my said wife, Magdalena Grimmer, all the remainder of my estate, both personal

and real, shall be equally divided among my surviving children and their heirs, share and share alike."

One of the said daughters, Margaret Friederich, died in 1886, intestate, leaving a husband and eleven children surviving, as her heirs-at-law. Two of the said sons, Isadore and George, died about 1893, intestate, unmarried and leaving no lineal descendants. Another of said sons, Nicholas, died in 1894, also intestate, leaving a widow but no lineal descendants. Afterwards, in December, 1894, the widow of the testator also died.

The testator, John Grimmer, died seized of certain real estate described in the bill. Upon the death of his widow the defendants in error, who are the heirs-at-law of said Margaret Friederich, deceased, and the widow of Nicholas Grimmer, deceased, filed a bill for partition. The case was heard below on bill, answer, replication and proofs, and the circuit court found that the complainants were entitled to a share of the estate and decreed partition as prayed. The commissioners appointed reported the land not susceptible of division, and a decree of sale was accordingly entered. The sale having been made by the master in chancery and approved by the court, the proceeds were ordered to be distributed according to the rights of the parties as shown by the decree of partition. The case is brought up to this court on a writ of error, and the errors assigned question the rights of the complainants in the bill, the defendants in error here, to share in the said real estate.

JAMES F. HUGHES, and E. C. RHOADS, for plaintiffs in error.

R. D. W. HOLDER, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The defendants in error take the position that this case is not so presented as to call for a review upon its merits, because the plaintiffs in error having answered

the bill after demurring to the same, and not standing by the demurrer when it was overruled, they thereby waived the right to question its sufficiency here; and also because, there being no certificate of evidence in the record, it must be presumed that the court below decided correctly upon the facts before it. We do not consider these positions well taken. The general rule is, that a party not standing by his demurrer, but answering over, is considered as waiving all defects in the pleading demurred to which might have been reached by demurrer. But the authorities on common law pleading recognize the qualification of the rule, that "if a declaration is so totally defective as not to support the judgment, that may be availed of, by motion in arrest, even after demurrer thereto has been overruled and the defendant pleaded over." (*Stearns* v. *Cope*, 109 Ill. 340.) A similar qualification or exception is recognized as applicable to pleadings in equity. (*Gordon* v. *Reynolds*, 114 Ill. 118; 1 Beach on Modern Eq. Pr. sec. 276.) We think the case at bar would come properly within that qualification, if the law, upon the merits, was, as claimed, with the plaintiffs in error.

The will, upon its face, considered in the light of the rules of law, is capable of construction without the aid of extrinsic evidence. In fact, it is difficult to see how extrinsic evidence could aid in its construction. We therefore think it immaterial to the correct decision of this case what evidence was heard by the court below.

The right of the defendants in error to share in the estate of John Grimmer, deceased, depends upon the construction to be placed upon the second clause of the will, above quoted. In the first clause he gives to his widow a life estate. In the second he says: "After the death of my said wife, Magdalena Grimmer, all the remainder of my estate, both real and personal, shall be equally divided among my surviving children and their heirs, share and share alike." If the construction of this clause

be, that the children living at the death of the testator shall take the estate in remainder, the court below decided correctly. The plaintiffs in error, however, contend that the words of survivorship relate to the time of the death of the widow, in which case the defendants in error would take nothing, the persons through whom they claim having died before the widow.

The question is one not altogether free from difficulty, but the application of well settled principles leads to the conclusion that the circuit court decided it correctly. "It has long been a settled rule of construction in the courts of England and America, that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has, by very clear words, manifested an intention that they should be contingent on a future event." (*Scofield* v. *Olcott*, 120 Ill. 362, on p. 374.) "The law always gives preference to vested over contingent remainders. It does not favor the abeyance of estates. Estates in remainder vest at the earliest period possible, unless a contrary intention on the part of the testator is clearly manifested. * * * Where it is a remainder after a life estate, it is regarded as a vested remainder, and the possession, only, is postponed." (*Kellett* v. *Shepard*, 139 Ill. 433, on p. 443.) The ascertainment of any class which is described in a will should be referred to the earliest possible period consistent with a fair interpretation of the will. (Schouler on Wills,—2d ed.—sec. 563.) If the distribution is postponed for the convenience of the estate the legacy becomes vested at once, and is not postponed to the day of payment; but if, on the other hand, it be postponed for reasons personal to the legatee or devisee, the remainder is contingent. *Carper* v. *Crowl*, 149 Ill. 465.

Applying these rules to this case, we find nothing in the will indicating an intention that the devise to the remainder-men was contingent upon their surviving the life tenant. The words "after the death of my said wife,"

are rather to be taken as qualifying the words "all the remainder of my estate." There is no devise to a trustee to hold the legal title, nor any direction to sell the estate and distribute the proceeds. The law favors the immediate vesting of estates, especially in the case of real estate.

Aside from these rules of construction, there is an expression in the will which indicates that the testator intended the estate in remainder should vest in interest at his death, for he devises it to his surviving children "*and their heirs.*" If it was his intention that only such children should take as survived his widow, why should he say that his estate is to be divided "among his surviving children and their heirs?" This expression indicates that the testator had in mind that in case any of his children should die after his death, before coming into the beneficial enjoyment of the estate, the heirs of such child should not be cut off. This construction conforms more nearly to the rules of descent and natural justice.

The cases of *Blatchford* v. *Newberry*, 99 Ill. 11, and *Ridgeway* v. *Underwood*, 67 id. 419, are unlike the case at bar. In each of them it was apparent from the language of the will and the circumstances of the case that the survivorship referred to a later time than the death of the testator. This case is governed by the principles determined in other decisions of this court. In addition to those above quoted we cite *Hempstead* v. *Dickson*, 20 Ill. 194, and *Ducker* v. *Burnham*, 146 id. 9.

The finding of the circuit court was that all the children living at the testator's death took a vested interest in the remainder, and that the complainants in the bill were therefore entitled to share in the estate sought to be partitioned, and decreed accordingly, and in this we think it committed no error.          *Decree affirmed.*