John McConnell *et al.*

*v.*

Abbie M. Stewart *et al.*

*Opinion filed November 8, 1897.*

1. Wills—*estates in remainder vest at earliest possible period.* Estates in remainder vest at the earliest possible period, unless a contrary intention of the testator is clearly manifested.

2. Same—*clause of will construed as to vesting of remainder.* A devise of property to the testator's wife for life, in trust, and after her death to her son, his heirs and assigns forever, he to take one-half of the property absolutely on attaining the age of twenty-five, passes a life estate to the wife with remainder in fee simple to the son, and upon the latter dying intestate before reaching the age of twenty-five, leaving his mother his only heir-at-law, the life estate and remainder in fee are united in her.

3. Same—*effect of proviso directing conditional disposition of property.*
Where property is devised to the testator's wife for life, in trust,
with remainder in fee to her son, the addition of a proviso that in
case of the wife's death "following" the testator's, and the death
of the son without issue or surviving wife, the property should be
divided among the testator's heirs-at-law and those of his wife,
will not entitle the latter to share in the property where the son's
death, and not the wife's, follows that of the testator.

Appeal from the Circuit Court of Cook county; the
Hon. O. H. Horton, Judge, presiding.

Wilson, Moore & McIlvaine, for appellants.

Dent & Whitman, for appellees.

Mr. Justice Craig delivered the opinion of the court:

This was a bill for partition, brought in the circuit
court of Cook county by John McConnell, against Benja-
min F. McConnell and others, to divide certain premises
in Cook county. The premises involved were originally
owned by John McConnell, Benjamin F. McConnell and
George McConnell, each owning an undivided one-third.
George McConnell died testate on the 25th day of June,
1887, and his will was admitted to probate in Cook county
on October 2, 1889. His undivided one-third interest in
the premises was devised by the following provision in
his will:

"I give, devise and bequeath to my wife, Abbie M. Mc-
Connell, all the rest, residue and remainder·of my estate,
both real and personal, to be held in trust for her own use
and benefit during her natural life, and for the purpose as
is hereinafter provided, and at her death I give, devise
and bequeath said estate to our child or children, their
heirs and assigns forever; and I direct that when my
child, or each of my children, shall arrive at the age of
twenty-five years, then my said wife, as trustee as afore-
said, shall set apart and pay over to such child or chil-
dren, upon their arrival at the age of twenty-five years,

such portions of my estate equal in all to one-half of my said estate, or near as may be, which one-half of my said estate shall, in case of children, be equally (or as near as may be) divided at said time, and said portion shall at said time become the absolute property of said child or children when he, she or they each arrive at the age of twenty-five years, and their heirs and assigns forever: *Provided*, that in case of my wife's death following mine, and the death of my child or children after my demise without issue or surviving husband and wife, I then direct, devise and bequeath my said estate to be divided equally between my heirs-at-law and the heirs-at-law of my said wife."

George McConnell left him surviving his widow, Abbie M. McConnell, (now Abbie M. Stewart,) and George Kettelle McConnell, his only child and heir-at-law. George K. McConnell, the son, died April 1, 1891, intestate, leaving him surviving his mother, Abbie M. McConnell, his only heir-at-law.

On the hearing in the circuit court the court found and decreed, that under and by virtue of the terms of the last will and testament of said George McConnell, the defendant, Abbie M. Stewart, is the owner in fee simple of the undivided one-half of the undivided one-third of said premises owned by George McConnell in his lifetime, and that said Abbie M. Stewart is entitled to hold the fee of the undivided remaining one-half of the undivided one-third of said premises in trust for her own use and benefit during her natural life; that said Abbie M. Stewart, under the terms and provisions of the will, holds the fee to said last mentioned undivided one-half of the undivided one-third of said premises, subject to her life interest therein, in trust for the persons who, at the time of her death, may, under the laws of the State of Illinois, be the heirs-at-law of said George McConnell, deceased, late husband of said Abbie M. Stewart; that the complainant is entitled to a partition of said premises.

To reverse the decree John and Benjamin F. McConnell appealed, and assigned the following errors: First, the circuit court erred in finding and decreeing that appellee Abbie M. Stewart owned in fee simple an undivided one-sixth of the premises described in the decree, under the will of George McConnell, deceased; second, the circuit court erred in failing to decree that the heirs of said Abbie M. Stewart, at her death, would be entitled in fee to the undivided one-sixth under said will; and third, the circuit court erred in failing to decree that appellants and Edith A. Irish were the owners of a vested estate in fee simple in an undivided one-sixth of the said premises, subject only to the life estate thereof of said Abbie M. Stewart.   On the other hand, Abbie M. Stewart has assigned cross-errors, claiming that upon the death of her son the entire one-third interest in the premises descended to her as his only heir.

The question presented in this case involves the construction of the sixth, or residuary, clause of the will of George McConnell, and relates only to the undivided one-third of the premises which he owned in his lifetime.

Appellants question the construction put upon the will by the circuit court of Cook county, that the testator's widow, Abbie M. Stewart, acquired, on the death of her son, George Kettelle McConnell, an undivided one-half of the one-third of the property which belonged to her late husband, George McConnell, and contend that the estate for life was given to Abbie M. Stewart, and the limitation over is to the heirs of Mrs. Stewart and to the heirs of George McConnell.   Abbie M. Stewart insists that the circuit court should have construed the will of her late husband, George McConnell, as entitling the son to an estate of inheritance in fee simple in the undivided one-third of the premises, subject only to the life estate of his mother, and that upon his death his mother, Abbie M. Stewart, took the whole of his estate, as his heir-at-law.

In construing this sixth clause of the will the intention of the testator should control, and effect should be given to such intention when ascertained. It is apparent from the words, "all the rest, residue and remainder of my estate, both real and personal, to be held in trust for her use and benefit during her natural life," that it was the intention of the testator to give to his wife, Abbie M. McConnell, (now Abbie M. Stewart,) a life estate in all his property. He then directs what shall be done with his estate at her death, in these words: "And at her death I give, devise and bequeath said estate to our child or children, their heirs and assigns forever." He directs his wife, when his child or children shall arrive at twenty-five years of age, to set apart and pay over such portions of his estate equal in all to one-half of his estate, which, in case of children, should be equally divided, and that said portion should at said time become the absolute portion of said child or children when he, she or they each arrive at the age of twenty-five years, and their heirs and assigns forever.

From the language used it is apparent that the testator intended to provide for his wife during her life, and the devise to his child operated to give a vested remainder in fee simple to the son, George Kettelle McConnell. Having thus disposed of his estate to his immediate family a proviso is added, and it is as to the meaning or intent of the testator in connection with this proviso that the dispute has arisen in construing this residuary clause.

What must happen to make this proviso operative? The testator had provided that his estate should go in fee to his son, his only heir, subject to his mother's life estate. The estate was the son's, the possession only being postponed. These terms are used: "*Provided,* that in case of my wife's death following mine, and the death of my child or children after my demise without issue or surviving husband or wife, I then direct, devise and bequeath my said estate to be divided equally between

my heirs-at-law and the heirs-at-law of my said wife."
The contingency provided for was the death of his wife
following his death, and the death of the child without
issue.    There is nothing to indicate that he expected his
widow to outlive his child or children, although she has
outlived the child.    It is evident the testator did not an-
ticipate the death of his child would likely occur before
the mother.    No provision was made by the testator in
his will, either expressly or by implication, as to what
should be done if his wife's death did not follow next
after his own death.  The contingency that has happened
was not provided for.    He did not direct what should be
done if his wife's death did not occur next after or follow
his own death.  The wife surviving the child, the contin-
gency provided in the will did not and never can happen.
Unless the death of the wife of the testator followed
after his own death then no limitation was directed.

Under the rules recognized in the decisions of this
court, estates in remainder vest at the earliest period
possible, unless a contrary intention on the part of the
testator is clearly manifested.  (*Kellett* v. *Shepard*, 139 Ill.
433; *Abbott* v. *Allen*, 3 Allen, 587.)  The law always· gives
preference to vested over contingent remainders. It does
not favor the abeyance of estates.  Where it is a remain-
der after a life estate, it is regarded a vested remainder,
and the possession only is postponed.  (*Kellett* v. *Shepard*,
*supra; Grimmer* v. *Friederich*, 164 Ill. 245.)  Giving effect
to these rules in this case, the estate vested in the child,
George Kettelle McConnell, on the death of his father,
George McConnell.

We cannot agree with the construction given to this
clause of the will by the decree of the circuit court, nei-
ther with appellants' claim that the vested remainder in
the son was a determinable fee.  From the view we have
taken, and the construction placed upon this clause of
the will, the contingency upon which the fee was to de-
termine never happened.  The devise to George Kettelle

McConnell in terms shows that the intent of the testator was to give the property absolutely to the child. It was an estate in fee, and the child could have conveyed a good title in fee simple had he lived to the age of twenty-one years, subject to the life estate of his mother if she had been living. The mother, Mrs. Abbie M. Stewart, held a life estate in all the property, and on the death of her son, as his heir-at-law, inherited all of his estate. The vested remainder in fee in the son, the greater estate, absorbed the lesser, the life estate.

The decree of the circuit court will on the cross-errors be reversed, and the cause remanded to that court for further proceedings in accordance with the views herein expressed. The appellants will be required to pay the costs in this court.

*Decree reversed.*