AMOS S. BURR

*v.*

HENRY BLOEMER.

*Opinion filed October 24, 1898.*

1. EXECUTORS AND ADMINISTRATORS—*administratrix takes no title to real estate.* An administratrix takes no title to real estate save a naked power to subject it to sale for the payment of debts, and upon application to the court for an order of sale for such purpose the heirs-at-law should be made parties.

2. JUDGMENTS AND DECREES—*an heir not served or appearing is not bound by decree ordering sale.* An heir-at-law not made a party to a proceeding by the administratrix to sell real estate to pay debts,

who enters no appearance and in no way confers jurisdiction of his person, is not bound by the decree, and may attack the same in any proceeding, direct or collateral.

3. REAL PROPERTY—*fact that borrowed purchase money was used to pay debts does not affect title of heir not bound by decree.* The fact that money loaned to the purchaser of real estate at a sale thereof to pay debts was used to complete the purchase and applied by the administratrix to pay debts, does not validate the proceedings as against an heir not bound by the decree of sale, nor transfer his interest to the purchaser or the lender, who took a mortgage from the purchaser and the administratrix.

APPEAL from the Circuit Court of Effingham county; the Hon. W. M. FARMER, Judge, presiding.

W. G. CLOYD, and B. F. KAGAY, Sr., for appellant.

CHARLES H. KELLY, and R. C. HARRAH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Frederick Thoele died January 1, 1881, seized in fee simple of certain real estate in Effingham county, occupied as his homestead. Mary Thoele, his widow, survived him, and he left eight children and appellee, his grandchild, only child of his deceased daughter, Elizabeth, his only heirs-at-law. The widow continued to occupy the premises as a homestead and was appointed administratrix of the estate. On February 6, 1888, she filed in the county court a petition for leave to sell the real estate to pay the debts of the deceased, and at the March term, 1888, a decree was entered ordering the sale of the real estate for that purpose. To this proceeding appellee was not made a party nor served with process, and did not enter his appearance. He lived in the neighborhood of the premises and the parties knew of his relationship, but supposed or were advised that he was not an heir and had no interest in the property. On April 7, 1888, the real estate was sold, under the decree, for $1800 to

Joseph Thoele, uncle of appellee, and a deed was afterward executed and delivered to him. On October 1, 1888, Joseph Thoele, the purchaser, together with his wife and Mary Thoele, the widow, who was in possession and held homestead and dower rights in the premises, executed a mortgage to appellant of the property for $1400 loaned by appellant. This money was used by Joseph Thoele to complete the purchase, and when received by the administratrix was applied to the payment of debts according to the decree. Default was made in payment of this mortgage and it was foreclosed. The widow continued to occupy the premises as a homestead, but the parties failing to redeem she was divested of her homestead and dower rights, and in February, 1898, left the premises. Thereupon appellee filed his bill in this case in the circuit court against appellant for partition. These facts were shown upon the hearing, and it was decreed that appellee owned in fee an undivided one-ninth of the premises, and partition was ordered accordingly.

The real estate in question, upon the death of Frederick Thoele, descended to and vested in his heirs-at-law, and complainant, as one of them, was vested with an undivided one-ninth interest. The administratrix took no title to the real estate, and as such had no control or concern with it, except a naked power to subject it to sale for the payment of debts. (*Ryan* v. *Duncan,* 88 Ill. 144.) The administratrix had a right to apply to the county court for an order to sell the real estate, if necessary, but in that proceeding complainant had a right to be heard before the court could deprive him of his property. His title as an heir could not be divested by the proceeding unless he was made a party. If notice of such a proceeding is not given or an appearance entered, so that the court acquires jurisdiction of the person of the heir, the decree will be void and binding upon no one, and may be disputed in any proceeding, whether direct

or collateral.   (*Morris* v. *Hogle*, 37 Ill. 150;  *Clark* v. *Thomp-son*, 47 id. 25;  *Botsford* v. *O'Conner*, 57 id. 72;  *Fell* v. *Young*, 63 id. 106.)   Complainant was not made a party and did not enter his appearance, and consequently his title was unaffected by the proceeding.  As to him it was void.  The premises were in possession of his grandmother until shortly before he commenced his suit, and there is noth-ing in the case which could estop him or affect his rights in any manner.  The mortgagors owned only eight-ninths of the title and their mortgage conveyed no more.  The fact that the money loaned was used in the payment of debts did not validate the proceedings or transfer com-plainant's title either to defendant or to the purchaser at the sale under the decree of the court.   The parties knew of his relationship, and were simply mistaken as to the law.

The decree is affirmed.                    *Decree affirmed.*