(Nos. 12217-12218.—Decrees reversed.)

WILLIAM L. ANDERSON *et al.* Appellants, *vs.* KATHERINE H. SHEPARD, Admx., Appellee.—SHELBY L. MASON, Admr., Appellee, *vs.* LOUIS LORANGER, Appellant.

*Opinion filed December 18, 1918.*

1. REAL PROPERTY—*title to land vests in the heirs on death of owner intestate.* At the death of a land owner intestate the title to the land vests at once in his heirs-at-law under the Statute of Descent, and if letters of administration are granted the administrator has a mere naked power to apply to a court to sell the land to pay debts of the estate if the personal assets are insufficient.

2. SAME—*extent of interest of executor and of administrator in land.* An executor has no interest in or power over real estate by virtue of the law but has only such estate or power as is granted by the will, and an administrator takes no title to the real estate, either legal or equitable.

3. SAME—*heirs may sell or convey their title without hindrance.* The heirs of a deceased land owner hold their title in their own right, subject only to the payment of the debts of their ancestor in the particular mode and for the purpose prescribed by law, and they may sell and convey their title without hindrance.

4. CONSTITUTIONAL LAW—*laws imposing liabilities and burdens must be general.*  Under section 2 of article 2 of the constitution neither the person nor property of an individual can be subjected to any liability or burden except by a law which operates equally upon all other persons in the same situation.

5. SAME—*section 7 of an act concerning land titles, as amended in 1903, is invalid.*  Section 7 of the act concerning land titles, as amended in 1903, (Laws of 1903, p. 121,) which requires executors and administrators and trustees holding title or power of sale under wills to apply for registration of the title to the lands owned by the decedent at his death and compels such registration even against the will of the heirs or devisees, is arbitrary and oppressive and in violation of the rights guaranteed by the constitution.

6. SAME—*classification made by section 7 of the act concerning land titles, as amended in 1903, is arbitrary.*  The classification made by section 7 of the act concerning land titles, as amended in 1903, by which registration of title, even against the will of the heirs or devisees, is required where there is administration but not where there is no administration, and where a trustee holds title or power of sale under a will but not where he holds under a conveyance or other instrument, is arbitrary and unreasonable.

APPEALS from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

WILSON, MOORE & McILVAINE, HOLT, CUTTING & SIDLEY, and CHARLES L. BARTLETT, for appellant W. L. Anderson *et al.*; G. W. KILLELEA, for appellant Louis Loranger.

NING ELEY, for appellee Katherine H. Shepard, Admx.; MORRIS G. LEONARD, for appellee Shelby L. Mason, Admr.

MACLAY HOYNE, State's Attorney, (JOHN W. BECKWITH, of counsel,) for intervening petitioner, Jos. F. Haas, registrar of titles.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Section 7 of an act entitled "An act to amend sections seven (7) and eighteen (18) of an act entitled 'An act concerning land titles,' approved and in force May 1, 1897," contains the following provisions: "It shall be the duty of

285 — 35

all executors and administrators, appointed after the adoption of this act and trustees holding title or power of sale under wills admitted to probate after that date, to apply within six months after their appointment, to have registered the titles to all non-registered estates and interests in land (situated in any county in which this act at the time is in force,) which the several decedents they represent might have registered in their lifetime in their own right. Such application shall set forth the names and addresses of the persons entitled to the estate or interest sought to be registered, and any such person, not joining in the application, shall be made a defendant. The court, in its final decree, in addition to what is provided in the subsequent sections of this act, shall determine the several titles and interests of the persons claiming under the decedent, and declare the same, and decree in whom registration shall be made. Land so registered shall be subject to be sold for the debts of the estate of the decedent, as now provided by law: *Provided,* that the court of probate jurisdiction of the county in which the land is situated, in cases where registration may appear to be a hardship, may, by an order entered of record, excuse such application for registration as to the whole, or any part of the land." (Laws of 1903, p. 121.) The act was only to be in force when adopted at an election, and after an abortive attempt to submit it for adoption in Cook county (*Harvey* v. *Cook County,* 221 Ill. 76,) it was finally adopted at an election in November, 1910. The question to be decided is whether the provisions in question violate rights guaranteed by the constitution, and that question arose in two cases under the following facts:

William Louis Shepard, the owner of lot 3 in block 3 in E. M. Condit's subdivision in section 29, town 38, range 14, died intestate on April 16, 1914, leaving Eleanor B. Shepard, his widow, and Katherine H. Shepard, George P. Shepard and William L. Shepard, his heirs-at-law. Katherine H. Shepard was appointed administratrix of his estate. The

widow and all the heirs on November 20, 1917, conveyed the lot to William L. Anderson and Olga E. Anderson as joint tenants. On February 28, 1918, Katherine H. Shepard, as administratrix, applied to the probate court of Cook county for an order excusing her from registering title to the real estate, but the probate court .denied her petition. William L. Anderson and Olga E. Anderson, owners of the property by the conveyance from the heirs-at-law, objected to the registration of their title by the administratrix on the ground that the provisions of the amendatory act were unconstitutional. The administratrix was proceeding to have the title registered when William L. Anderson and Olga E. Anderson filed their bill in the circuit court of Cook county to restrain the administratrix from proceeding to register the title. The administratrix demurred to the bill and the demurrer was sustained and the bill dismissed.

Margaret Loranger, the owner of lots 8, 9, 10 and 11 in block 25 in Keeney's subdivision in Chicago Heights, died on February 19, 1916, leaving Louis Loranger, her husband, surviving her. On April 2, 1916, letters of administration were granted to Charles T. Mason, and he filed his petition in the probate court to be excused from making application to register the title to the lots and his petition was dismissed. He died before the estate was settled, and letters of administration *de bonis non* were granted to Shelby L. Mason on January 18, 1917. On October 16, 1917, Shelby L. Mason, as administrator *de bonis non,* filed his application in the circuit court to have registered the title to the real estate, and made Louis Loranger, the surviving husband, and the unknown heirs-at-law, if any, of Margaret Loranger, defendants. Louis Loranger answered, assailing the constitutionality of the provision in question, and alleged that he was sole heir-at-law of the deceased and objected to having his title registered. The court found that Louis Loranger was the sole owner in fee simple of the real estate and directed the title to be registered in his

name, subject to certain charges and claims specified ·in the
decree.    Appeals were taken in each of the two cases and
were consolidated in this court.    The State's attorney of
Cook county asked and obtained leave to intervene in the
Loranger case as a representative of the public interest and
of Joseph F. Haas,. registrar of titles.

That section 7 as amended is arbitrary, offensive and
against common right cannot be doubted and it invades
rights guaranteed by the constitution.    On the death of
an owner of real estate the title vests at once in his heirs-
at-law under the Statute of Descent, and in case adminis-
tration is granted, the personal estate vests in the executor
or administrator upon the granting of letters testamentary
or of administration.    An executor has no estate in or
power over the real estate of the testator by virtue of the
law and has only such estate or power as is granted by the
will.    An administrator takes no title to real estate, either
legal or equitable, but it descends to and vests in the heirs
at once upon the death of the ancestor.    The administrator
has neither control over nor concern with the real estate,
but becomes invested by the statute only with a mere naked
power to apply to a court for and obtain leave to sell the
same in case the personal estate is insufficient to pay debts.
The heirs hold title in their own right, subject only to
the payment of the debts of their ancestor in the particular
mode prescribed by law and for the purpose prescribed and
may sell and convey their title without hindrance.    (*Hall*
v. *Irwin,* 2 Gilm. 176; *Smith* v. *McConnell,* 17 Ill. 135;
*Walbridge* v. *Day,* 31 id. 379; *Phelps* v. *Funkhouser,* 39
id. 401; *LeMoyne* v. *Quimby,* 70 id. 399; *Beebe* v. *Saulter,*
87 id. 518; *Ryan* v. *Duncan,* 88 id. 144; *Gammon* v. *Gam-
mon,* 153 id. 41; *Noe* v. *Moutray,* 170 id. 169; *Burr* v.
*Bloemer,* 174 id. 638.)    Section 7 attempts to authorize ex-
ecutors and administrators, although they have no title to
or control over real estate of the decedent, to apply for reg-
istering the title of the heirs and to make any heir who does

not choose to join in the application a defendant and compel the registration of his title against his will. While an administrator has the title to the personal estate, he has only a right to apply it to the payment of debts and expenses of administration and the residue belongs to the heirs-at-law, but the act permits an administrator or executor to expend personal estate belonging to the heirs for the employment of an attorney and payment of the costs of the proceeding, which are to be paid by the applicant. The proceeding is in equity, and there may be a void tax, claims or other invalid charges against the land, and against them an owner may rest in security because they cannot be enforced against his property, but upon an application to register title the applicant must offer to, and the court will compel him to, reimburse the claimant. (*Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30; *Harts* v. *Glos*, 279 id. 485.) The act would permit an administrator or executor to compel the heir-at-law to pay claims against which he would have a perfect legal defense. By the act money belonging to an heir-at-law may be taken from him and he made a defendant and subjected to trouble and expense for registering his title against his will.

It is not essential to the title of an heir-at-law that there should be any administration of the estate of the ancestor, and the act discriminates, without any reason, between heirs-at-law where there is administration and where there is not. Such a classification has no rational or reasonable relation to any conceivable purpose of the act. If the registration of the title of heirs-at-law is required in the public interest the requirement applies equally to all heirs, and not to those, alone, where there is administration of the estate of the ancestor.

The act requires trustees holding title or power of sale under wills to apply for registration adversely to the beneficial owner, while trustees holding title or power of sale under conveyances, settlements or any other instrument by

which a trust may be created are exempt from the obligation, and there is no reason why an act should apply to one and not to the other.

The act provides that the probate court may excuse registration if it shall appear to be a hardship, and, whether such authority can be given to a probate court by which a law is to be enforced as to one person and not as to another, the act furnishes no standard for determining what shall be a hardship. There can be no hardship, in a financial sense, to an administrator, executor or trustee if he has money belonging to the heirs above the payment of debts and expenses of administration of the estate or the trust, and if the act contemplates an excuse where a hardship is on the owner of the land, the applicant to the probate court does not represent him and he has no hearing but is condemned without any opportunity to be heard.

It was said in *People* v. *Simon,* 176 Ill. 165, which did not involve the question in any way, that the court saw no reason why the law might not make it compulsory to transfer real estate in the way contemplated by the act which was amended; but if that is true the General Assembly has made no provision that the title to real estate cannot be transferred except where it is first registered and then transferred in accordance with the act, but by this act an attempt is made to compel registration as to some owners and not as to others and without any regard whatever to alienation by the owner. The right or privilege of acquiring property by descent or devise is conferred by the statute, and inheritance taxes are sustained on the ground that the General Assembly may either deny the privilege entirely or prescribe the terms of its exercise. But this act does not prescribe the terms upon which property may be acquired by descent or devise, and if it did, the act would still be invalid because it discriminates between different persons acquiring title by descent or devise and imposes the burden only in cases where there is administration.

The act is in violation of rights secured to the citizen by section 2 of article 2 of the constitution, which provides that no person shall be deprived of life, liberty or property without due process of law. Under that section of the bill of rights neither the person nor property of an individual can be subjected to any liability or burden except by a law which operates equally upon all other persons in the same situation. Every one has a right to demand that he be governed by general rules, and a special statute which without his consent singles him or his property out to be regulated by a different law than that which is applied in all similar cases is prohibited by the constitution. *Lippman* v. *People,* 175 Ill. 101; *Bailey* v. *People,* 190 id. 28; *Mathews* v. *People,* 202 id. 389; *Starne* v. *People,* 222 id. 189; *City of Chicago* v. *Wells,* 236 id. 129; *People* v. *Schenck,* 257 id. 384.

By what process a court, on an application by an administrator, executor or trustee to register title, can compel an objecting defendant to reimburse the holders of stale and void claims against which he has a perfect defense is not apparent, but if the applicant is to make such an offer and to be required to reimburse the claimant it must be for money belonging to the owner, and the constitution does not permit such an invasion of private right. If the administrator seeks to be excused so that the law may not apply to him, the real party in interest has no hearing and is deprived of his property without process of law. For every reason specified above the act is unconstitutional and void.

The decree in the case of Anderson *vs.* Shepard is reversed and the cause remanded, with directions to grant the relief prayed for in the bill, and the decree in the case of Mason *vs.* Loranger is reversed.        *Decrees reversed.*