1200

Henry J. Faulkin, George H. Faulkin, Wesley Faulkin, John T. Culbertson, Jr., Conservator of Paul E. Faulkin, Fritz Miller, Margaret Miller, Floyd R. Martin, Catherine Martin and Rosa Burrows, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 10924. Promulgated October 23, 1928.

*Jesse Black, Esq.,* and *John T. Culbertson, Esq.,* for the petitioners.
*F. R. Shearer, Esq.,* for the respondent.

OPINION.

SIEFKIN: This proceeding arises as a result of the determination of the respondent that under the wills of George H. Faulkin and Catherine M. Faulkin their children received vested interests in the realty of those two persons immediately upon their deaths, and that certain transactions entered into by the children in 1921 and 1922, during which deeds were executed by some of the children to others, covering the realty in the two estates, constituted sales of such realty resulting in taxable gains to the children who are petitioners in this case. The petitioners contend that under the wills in question, which are set forth in our findings of fact, the interest received by the children in the real property was contingent upon the youngest child's becoming of age and that none of the children had a vested interest which could be transferred, and that, furthermore, the transaction among the children in 1921 and 1922 was not a sale but was a simple distribution of the estates of their father and mother.

It becomes necessary first to determine whether, under the law of Illinois, the children took vested or contingent interest in the realty upon the death of each of George H. Faulkin and Catherine M. Faulkin.

In the case of *Grummer* v. *Friederich*, 164 Ill., 245; 45 N. E. 498, the court stated:

The right of the defendant in error to share in the estate of John Grummer, deceased, depends upon the construction to be placed upon the second clause of the will above quoted. In the first clause he gives to his widow a life estate. In the second he says: "After the death of my said wife, all the remainder by my estate, both real and personal, shall be divided equally among my surviving children and their heirs, share and share alike." If the construction of this clause be that the children living at the death of the testator shall take the estate in remainder, the court below decided correctly.

The plaintiffs in error, however, contend that the words of survivorship relate to the time of the death of the widow, in which case the appellees would take nothing, the persons through whom they claim having died before the widow. The question is one not altogether free from difficulty, but the application of well-settled principles leads to the conclusion that the circuit court decided it correctly. " It has long been the settled rule of construction in the courts of England and America that estates, legal and equitable, given by will, should always be regarded as vesting immediately, unless the testator has, by very clear words, manifested an intention that they should be contingent on a future event." *Scofield* v. *Olcott*, 120 Ill. 362, 374, 11 N. E. 351, 354. " The law always gives preference to vested over contingent remainders. It does not favor the abeyance of estates. Estates in remainder vest at the earliest period possible, unless a contrary intention on the part of the testator is clearly manifested. * * * Where it is a remainder after a life estate, it is regarded as a vested remainder, and the possession only is postponed." *Kellet* v. *Shepard*, 139 Ill. 433, 443, 28 N. E. 751, 754 and 34 N. E. 254. The ascertainment of any class which is described in a will should be referred to the earliest possible period consistent with a fair interpretation of the will. *Schouler, Wills*, (2nd Ed.) § 563. If the distribution is postponed for the convenience of the estate, the legacy becomes vested at once, and is not postponed to the day of payment; but if, on the other hand, it be postponed for reasons personal to the legatee or devisee, the remainder is contingent. *Carper* v. *Crowl*, 149 Ill. 465, 484, 36 N. E. 1040, 1045. Applying these rules to this case, we find nothing in the will indicating an intention that the devise to the remainder-men was contingent upon their surviving the life tenant. The words " after the death of my said wife " are rather to be taken as qualifying the words " all the remainder of my estate." There is no devise to a trustee to hold the legal proceeds. The law favors the immediate vesting of estates, especially in the case of real estate.

Aside from these rules of construction, there is an expression in the will which indicates that the testator intended the estate in remainder should vest in interest at his death for he devises it to his surviving children " and their heirs." If it was his intention that only such children should take as survived his widow, why should he say that his estate is to be divided " among my surviving children and their heirs? " This expression indicates that the testator had in mind that, in case any of his children should die after his death, before coming into the beneficial enjoyment of the estate, the heirs of such child should not be cut off. This construction conforms more nearly to the rules of descent and natural justice. The cases of *Ridgeway* v. *Underwood*, 67 Ill. 425, and *Blatchford* v. *Newberry*, 99 Ill. 11, are unlike the case at bar. In each of them it was apparent, from the language of the will and the circumstances of the case, that the survivorship referred to a later time than the death of the testator. This case is governed by the principles determined in other decisions of this court. In addition to those quoted, we cite *Hempstead* v. *Dickson*, 20 Ill. 194; *Ducker* v. *Burnham*, 146 Ill. 9, 34 N. E. 558.

It will be noted that in the cited case, where the testator devised the property to the surviving children " and their heirs," the court held that this expression indicated that the testator intended that in case any of his children should die after his death, before coming into the beneficial enjoyment of the estates, the heirs of such child should not be cut off. In the instant case the will of George H. Faulkin contains a similar expression. The will provides in effect that, when

the youngest child arrives at lawful age, the estate shall be equally divided among the children and the wife of the testator. This provision is followed by the expression " and in case of the death of any of said children their share shall go to their legal heirs." It is our opinion that this expression shows that the intention of the testator was that, if any of his children died after his death and before the youngest child reached the age of 21 years, the heirs of such deceased children should be substituted in their stead and that it was his intention that the property should vest immediately upon his death.

Anna Faulkin, one of the children of the testator, died in 1905, at the age of about 20 years. She was married and living with her husband at the time of her death and left no children. The remaining children received her share of the property in question, presumably by inheritance. At any rate no question is raised by the petitioners as to this point.

Catherine M. Faulkin, who took an equal share under the will of George H. Faulkin, died in 1908. All of her property went to her children who were named in her will. Under the general rule applied in the courts of Illinois that estates shall be deemed to be vested at the time of the death of the testator unless a contrary intent is clearly manifested by the testator in his will, we must hold that the children of Catherine M. Faulkin took vested interests under her will at the time of her death. There is no element of a devise to a class since the devisees are set forth by name.

The Supreme Court of Illinois, in the case of *Armstrong* v. *Barber*, 239 Ill. 389; 88 N. E. 246, stated:

While the rule is general that where there are no words importing a gift, other than to the executors or trustees to divide or pay at a future time, the legacy is contingent, still, if the payment is postponed for the convenience of the funds of the estate and not for reasons personal to the legatee or devisee, it should be held vested. *Knight* v. *Pottgieser*, 176 Ill. 368, 52 N. E. 934; *Carter* v. *Carter*, 234 Ill. 507, 85 N. E. 292; 30 *Am. & Eng. Ency. of Law* (2nd Ed.) 771.

\*     \*     \*     \*     \*     \*     \*

The general rule referred to, that where there are no words importing a gift otherwise than a direction to divide or pay legacies at a future time such a legacy is contingent, is usually applied where the gift is to a class; but the court will hesitate in applying it where the gift is to legatees by name, as in this will. 30 *Am. & Eng. Ency. of Law*, (2nd Ed.) 773; *Carter* v. *Carter, supra; Howe* v. *Hodge*, 152 Ill. 262, 38 N. E. 1083. The absence of words of immediate gift will not be held conclusive in deciding whether a gift or devise is vested or contingent. The rule on this question is flexible, and does not govern where the wording of the entire will indicates that it was the testator's intention that the devise or gift was to vest at his death. \* \* \*

It seems clear to us that in 1922 when the deeds were delivered and the agreed valuations of the various tracts of land were paid,

each of the children was a party to a sale or other disposition of property within the meaning of section 202 (b) of the Revenue Act of 1921. Each had on March 1, 1913, a vested interest in the property left by each parent. Each held an undivided one-seventh interest in each tract of land. In our findings of fact we have set forth a deed typical of each of those executed by the children covering the real estate. In that deed, although the name of George H. Faulkin appears as grantor to himself, it is obvious that he received nothing by virtue of his joining in such grant to himself. Since he already held an undivided one-seventh interest in the tract of land, the only interest which he received was the remaining six-sevenths which was held by the other children. Each of the other children, however, conveyed an undivided one-seventh interest to George. George, himself, conveyed to each of the other parties who received land his undivided one-seventh interest in the land which they received. The same proposition applies to each of the other three children who received land at this time. Three of the children, Wesley Faulkin, Paul E. Faulkin and Rosa Burrows received no land but each sold his or her undivided one-seventh interest in each tract of land.

The question presented in the instant proceeding is entirely different from that presented in *F. W. Matthiessen, Jr.*, 2 B. T. A. 921, in which we held that a residuary legatee under a will acquired personal property within the meaning of section 213 (b) (3) of the Revenue Act of 1918, at the time it was distributed by the executor or trustee, and not at the time of the death of the testator. In that case we found that title did not vest in the residuary legatee until the time of distribution.

In the instant case, we are dealing with real property, the title to which descends directly to the heirs of the deceased owner, and does not pass to the executor unless it is provided expressly, or by necessary implication in the will.

In the case of *Emmerson* v. *Merritt*, 249 Ill. 538; 94 N. E. 955, the Supreme Court of Illinois held that where the will merely authorized the executor to convey testator's land and make distribution of the proceeds according to the will, he had no title to such land.

In *Anderson* v. *Shepard*, 285 Ill. 544; 121 N. E. 215, the Supreme Court of Illinois stated:

* * * An executor has no estate in or power over the real estate of the testator by virtue of the law and has only such estate or power as is granted by the will. An administrator takes no title to real estate, either legal or equitable, but it descends to and vests in the heirs at once upon the death of the ancestor. The administrator has neither control over nor concern with the real estate, but becomes invested by the statute only with a mere naked power to apply to a court for and obtain leave to sell the same in case the personal estate is insufficient to pay debts. The heirs hold title in their own right, subject only to the payment of the debts of their ancestor in the particular

**1212**

mode prescribed by law and for the purpose prescribed and may sell and convey their title without hindrance. *Hall* v. *Hall*, 2 Gilman, 176; *Smith* v. *Mac-Connell*, 17 Ill. 135, 63 Am. Dec. 340; *Walbridge* v. *Day*, 31 Ill. 379, 83 Am. Dec. 227; *Phelps* v. *Funkhouser*, 39 Ill. 401; *Le Moyne* v. *Quimby*, 70 Ill. 399; *Beebe* v. *Saulter*, 87 Ill. 518; *Ryan* v. *Duncan*, 88 Ill. 144; *Gammon* v. *Gammon*, 153 Ill. 41, 38 N. E. 890; *Noe* v. *Moutray*, 170 Ill. 169, 48 N. E. 709; *Burr* v. *Bloemer*, 174 Ill. 638, 51 N. E. 821. * * *

In the case of *Drake* v. *Steele*, 242 Ill. 301, the Supreme Court of Illinois construed a will which provided in part:

Fourth: It is my will and request that my entire estate, after the payment of the items hereinabove directed, be held by the executor hereinafter named in trust for the use and maintenance of my wife, Milbra Stivers, and my children, viz., * * *.

Fifth: At the time of the death of my said wife, Milbra Stivers, or at such time as she may cease to be my widow, it is my will and request that my entire estate be divided equally between my four children, viz., * * *.

In that case the court said:

* * * It is a familiar rule that the estate of a trustee in real estate which is the subject matter of the trust is commensurate with the power of the trust and the purpose to be effected by it. *Lawrence* v. *Lawrence*, 181 Ill. 248, 54 N. E. 918. Does the provision in the fifth clause of the will, which states that when the children arrive at lawful age "their distributive share of my estate be paid to them," etc., necessarily mean that it is to be paid to them by the executor or trustee? And, if so, does it give the executor or trustee power of sale for that purpose? Reading the entire will together, it is not at all certain that the testator intended that the executor or trustee should have anything to do with dividing this real estate among his children. But conceding, for the sake of the argument, that the fifth clause was intended to give him power to distribute and pay over to the children their shares at a given time—and in order to do this he must have the power of selling the property—we think it is quite clear that it was for that purpose merely, and not a power coupled with an interest. In *Lambert* v. *Harvey*, 100 Ill. 338, this court held that, where the executor of a will is directed to sell the real estate and divide the proceeds between certain devisees, he takes only a power of sale; that being all that is necessary to execute the will, and no legal estate in the land. In 1 Perry on Trusts (5th Ed) § 298, the author says: "It may happen that, although words of express trust are used in the grant or bequest of an estate to a trustee, yet no estate vests or remains in the trustee. This may be because only a power is given and no estate, as where a testator simply directs his executor to sell certain property and apply the proceeds to certain purposes instead of granting the property to the executor or trustee to sell, etc., or because the statute of uses executes the legal estate at once in the cestui que trust." See, also, *Fay* v. *Fay*, 1 Cush. (Mass.) 93, and 28 Am. & Eng. Ency. of Law (2nd Ed) p. 928, and cases cited.

We are disposed, however, to hold, considering the entire will together, that no active duties devolved upon the executor or trustee with reference to the real estate here in question, and therefore the trust as to such real estate was a passive or dry trust, which the statute of uses executed immediately. * * *

Under the principles laid down in the cited cases, we must conclude that, under the wills of both George H. Faulkin and Catherine M.

Faulkin, title to the real property contained in their estates descended directly to their heirs, and did not vest in the executors, or in the trustees under the will of Catherine M. Faulkin.

No evidence was submitted to show the March 1, 1913, value of the land and in the absence thereof the holding of the respondent with regard to the petitioners, Henry J. Faulkin, George H. Faulkin, Wesley Faulkin, John T. Culbertson, Jr., and Rosa Burrows, will not be disturbed. So far as the record shows, however, no deficiency letter was sent to either Margaret Miller or to Catherine Martin, and since an appeal must be based upon a deficiency letter, we have no jurisdiction so far as they are concerned.

Reviewed by the Board.

> *Judgment will be entered for the respondent with respect to Henry J. Faulkin, George H. Faulkin, Wesley Faulkin, John T. Culbertson, Jr., Rosa Burrows, Fritz Miller and Floyd R. Martin. Order of dismissal will be entered as to Catherine Martin and Margaret Miller.*

MILLIKEN dissents.