## MARY KNIGHT et al.

### v.

## MARTHA POTTGIESER.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

· 1. REMAINDERS—*remainder to class not named may vest at testator's death.* In the absence of a contrary indication of testamentary intent, a devise of a life estate, with remainder to a class of persons not named but described, will vest the remainder, at the testator's death, in the persons then comprising the class, the right of enjoyment only being postponed.

2. ·SAME—*an immediate right of possession is not essential to a vested remainder.* An immediate right of present enjoyment is not essential to a vested remainder, it being sufficient if there is a fixed right of future enjoyment.

3. SAME—*when remainder will not be held to be a determinable fee.* In view of the policy of the law favoring vested estates, a devise of a life estate with a remainder in fee will not be construed as creating a determinable fee in the remainder-man, subject to its being divested upon his death before the death of the life tenant, unless such is the testator's unmistakable intention, there being no difference, in principle, between such a fee and a contingent remainder dependent upon the remainder-man's surviving the life tenant.

4. WILLS—*principles governing personal bequests apply to devises of real estate.* The principles which govern the vesting of bequests of personal property are, in general, equally applicable to devises of real estate.

5. SAME—*right to bequest is vested where distribution is postponed for convenience of fund.* A bequest of personal property, though made wholly by directions to pay or distribute at the termination of a prior estate, will vest at once, the right of enjoyment only being postponed, where the distribution is not postponed for reasons personal to the legatee, but merely to let in the prior estate.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

WILLIAM H. BARNUM, and BARNUM, MOTT & BARNUM, for appellants:

It is permissible, in order to uphold all the provisions of a will, to resort to every reasonable intendment,—to transpose the different provisions of the will and to sup-

ply verbal omissions.    *Banta* v. *Boyd*, 118 Ill. 186; *Dickison* v. *Dickison*, 138 id. 541; *Glover* v. *Condell*, 163 id. 566; *Young* v. *Harkleroad*, 166 id. 318; *Phayer* v. *Kennedy*, 169 id. 360.

The term "descendants" is a word of purchase, and not of limitation.    *Baker* v. *Scott*, 62 Ill. 86; *Beacroft* v. *Strawn*, 67 id. 28; *Butler* v. *Huestis*, 68 id. 594; *Bates* v. *Gillett*, 132 id. 287; *Chapin* v. *Crow*, 147 id. 219.

The clause in the will, "and upon and at her death the same to go to and be divided amongst my children and their descendants, in equal shares, the descendant or descendants of a deceased child to take the parent's share in equal proportions," annexes time to the substance of the devise, and is not merely indicative of the time of distribution, but the time of distribution is made descriptive of the class that is to take, and the devise is contingent, and does not vest in interest until the time so fixed for distribution has arrived. Until the period of distribution it was impossible to know who would answer to the description of children or descendants of a deceased child. The devise is to a class, and none will be permitted to take except such as are *in esse* at the time of distribution, and can predicate of himself or herself that he or she is one of the children of the testator or a descendant of a deceased child of said testator. There is no devise of this remainder separate and apart from the direction to distribute among a class that is not named, but only described.    *Blatchford* v. *Newberry*, 99 Ill. 11; *Banta* v. *Boyd*, 118 id. 186; *McCartney* v. *Osburn*, id. 403; *Kingman* v. *Harmon*, 131 id. 171; *Ebey* v. *Adams*, 135 id. 80; *Bates* v. *Gillett*, 132 id. 287; *Strode* v. *McCormick*, 158 id. 142.

A remainder to survivors is contingent until the period of distribution has arrived, and a contingent remainderman dying before the vesting of the estate leaves no part to his heirs, as such.    *Ridgeway* v. *Underwood*, 67 Ill. 419; *Peoria* v. *Darst*, 101 id. 609; *Ebey* v. *Adams*, 135 id. 80; *Temple* v. *Scott*, 143 id. 290; *Chapin* v. *Crow*, 147 id. 219; *Furnish* v. *Rogers*, 154 id. 569; *Phayer* v. *Kennedy*, 169 id. 360.

D. C. KELLEHER, for appellee:

When not in conflict with law or public policy, the intention of the testator, as it appears from the entire will, must be carried into effect. This is the primary rule in the construction of wills. 1 Redfield on Wills, 440; *Allen* v. *McFarland*, 150 Ill. 455; *Ducker* v. *Burnham*, 146 id. 9.

The law favors the vesting of estates, and a remainder will be contingent only when made so by express words or unavoidable construction, and to postpone vesting the intention of the testator must be manifest. *Allen* v. *McFarland*, 150 Ill. 455; *Scofield* v. *Olcott*, 120 id. 362; *Kellett* v. *Shepard*, 139 id. 433; *Harvard College* v. *Balch*, 171 id. 275; *Ducker* v. *Burnham*, 146 id. 9; *Hawkins* v. *Bowling*, 168 id. 214; *Green* v. *Hewitt*, 97 id. 117; *Schaefer* v. *Schaefer*, 141 id. 337; *Kelly* v. *Gonce*, 49 Ill. App. 82; *Hinrichsen* v. *Hinrichsen*, 172 Ill. 463; *Grimmer* v. *Friederich*, 164 id. 245; 1 Jarman on Wills, 799; 2 Redfield on Wills, 218, 245.

When there is a devise of real estate for life with remainder over to a class, all answering the description of the class at the death of the testator take a vested interest at once, without waiting for the determination of the particular estate, the possession only being postponed. 1 Redfield on Wills, 386; 1 Jarman on Wills, 306, 307; *Moore* v. *Hare*, 43 N. E. Rep. 870; *Schaefer* v. *Schaefer*, 141 Ill. 337; *Byrne* v. *France*, 131 Mo. 639; *Heilman* v. *Heilman*, 28 N. E. Rep. 310; *Stanley* v. *Stanley*, 24 S. E. Rep. 229; *Grimmer* v. *Friederich*, 164 Ill. 245; 6 Am. & Eng. Ency. of Law, 899; 29 id. 447.

In the construction of wills words are to be taken in their ordinary and grammatical sense, and where the testator uses technical words he is presumed to employ them in their legal sense unless the context clearly indicates the contrary, and words used in one part of the will must be understood in the same sense when used elsewhere in the same instrument. 2 Jarman on Wills, 842; *Griswold* v. *Hicks*, 132 Ill. 502; 29 Am. & Eng. Ency. of Law, 345.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Giesbert Pottgieser, Sr., departed this life testate, seized of certain real estate in the city of Chicago. The portion of his will necessary here to be consulted is as follows:

"I give, devise and bequeath unto my well beloved wife, Barbara Pottgieser, the buildings known as numbers 369 and 371 State street, in Chicago, in which I am now carrying on business and where I live, together with the business and good will thereof, and all furniture, apparatus, fixtures, household furniture, and all goods and chattels in, about and upon said premises and used in carrying on said business, and in and about housekeeping, at the time of my death, together with the lots on which the same are erected, and described as sub-lot 1 of lot 3, in block 14, in fractional section 15, addition to Chicago, between Harrison street and Hubbard court in said city; to have and to hold the same for the term of her natural life, and to have and enjoy the rents, profits and income derived therefrom to and for her own exclusive use and benefit as long as she lives, and upon and at her death the same to go to and be divided amongst my children and their descendants in equal shares, the descendant or descendants of a deceased child to take the parent's share in equal proportions. All the rest and remainder of my estate and property I give, devise and bequeath unto my said children and their descendants in the same proportions as above mentioned in regard to the distribution of my homestead property: *Providing, however,* that if my daughter Mary shall marry without the consent or against the wishes of myself or my wife, then the estate and property coming to her under this will shall go to her only for the term of her natural life, and after her death to her issue in fee, and in default of issue to my other children and their descendants, as above provided for in regard to my other estate."

Said testator left surviving him a son, Giesbert, Jr., his widow, Barbara, and three daughters. Giesbert, Jr., intermarried, and subsequently departed this life intestate, leaving him surviving Martha, his widow, Barbara, his mother, (widow of Giesbert, Sr.,) and three sisters, but neither child, children nor descendants of a child. Martha, the widow of Giesbert, Jr., on the theory her husband was seized of a vested remainder in the premises and that she inherited an undivided one-half thereof, filed a bill in chancery praying for a partition of the premises mentioned in the will of Giesbert, Sr., subject to the life estate of said Barbara. Pending the hearing of the cause said Barbara died, and the court construed the remainder created by the will to be vested,—not contingent,—and entered a decree of partition according to the prayer of the bill, except that as the life estate had been terminated the interests of the parties were declared accordingly. This is an appeal prosecuted by the sisters of said Giesbert, Jr., deceased, to reverse the decree.

Appellants contend (1) the remainders created by the will were contingent, and did not vest until after the death of the widow, Barbara, and as said Giesbert, Jr., did not survive his mother he was never seized of title or interest in the premises, and hence the petitioner inherited no interest from him; (2) if the remainder should be deemed vested, the interest so vested was a determinable fee, liable to be divested by the death of the remainder-man prior to the termination of the life estate and another fee substituted.

The argument in support of the first contention is, that there is no devise of the remainders except to a class of persons not named but described; that the devise is only to be found in directions given to divide the premises at and after the death of the life tenant, and that, consequently, only such persons are entitled to take as are, at the time fixed for the division, of the class described in the will,—that is, such a devise vests in the

survivors of the class.    It is not the policy of our law to
favor the abeyance of estates, and for this reason it long
ago became a fixed rule to be observed in the construc-
tion of wills in the courts of America and England, that
estates should be deemed to vest upon the death of the
testator unless very clear words were found in the will
evincing that it was the manifest intention of the testa-
tor that the estate should not vest except upon the hap-
pening of a certain contingency.    (*Carper* v. *Crowl*, 149 Ill.
465;  *Allen* v. *McFarland*, 150 id. 455;  *Grimmer* v. *Friederich*,
164 id. 245, and authorities cited.)    A devise of a life es-
tate with remainder over to a class of persons not named
but described, is not to be regarded as manifesting it was
the intention of the testator such persons only should
take in remainder as could answer the description at the
termination of the life estate.    On the contrary, in the
absence of other indications of testamentary intent the
settled rule is, it will be deemed to have been the will of
the testator that the remainders created by such a devise
should vest in interest and title, at once upon his death,
in the persons then comprising the class described, and
that the right of possession only should be postponed un-
til the life estate had become extinguished.    Under such
a devise all persons who, at the time of the death of
the testator, would take if prior estate was removed are
seized of a vested interest to take at once upon the de-
termination of such prior estate.    6 Am. & Eng. Ency. of
Law, 898, 899; 29 id. 447; 1 Redfield on Wills, 386; 1 Jar-
man on Wills, 306, 307.

The facts of this case do not involve a limitation en-
grafted on this rule, that where the remainder is limited
to children as a class, to take effect in enjoyment in the
future, the estate vests in such children as are *in esse*,
subject to open and let in others as they may be after-
wards born.

It is a general rule in regard to vesting of personal
legacies, that if there is no independent bequest, but

only a direction to pay at a future time or upon the happening of a certain event, the vesting will be postponed until the event has occurred or the time arrived. But the general rule is subject to an exception so well established and universally recognized as to practically constitute another general rule, which is: though a gift arises wholly out of directions to pay or distribute *in futuro*, yet if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testator desired to appropriate the subject matter of the legacy to the use and benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred. (*Scofield* v. *Olcott,* 120 Ill. 362; *Carper* v. *Crowl, supra.*) The principles which apply to and control vesting of bequests of personal property are in general equally applicable to devises of real estate.

We find nothing in the will under consideration indicating that any cause or reason personal to the remainder-men induced the testator to postpone the right of such remainder-men to possess and enjoy the estate. He desired the income and benefit of the property should be enjoyed by his widow as long as she should live, and for that reason invested her with the exclusive right of possession during her lifetime and deferred the right of the remainder-men to enter into possession accordingly. Futurity was not annexed to the right of the remainder-men to possession, but only to the time when such right may be exercised. The postponement had reference to the situation or convenience of the estate, possession of the premises at once upon the death of the testator being denied the remainder-men solely because the testator desired his widow should enjoy the use and benefit thereof so long as she should live. An immediate right of present enjoyment is not essential to a vested remainder. It is sufficient if there is present a fixed right of future enjoyment. 1 Kent's Com. 202, 206.

The will provides that upon the termination of the life estate the premises shall "go to and be divided among" the children of the testator and their descendants. It is urged the word "descendants" means only those persons who have proceeded in some degree from the body of a child of the testator, and that the selection and use of that word unmistakably indicate that it was the intention and purpose of the testator to exclude from the devise those who, though heirs-at-law of any deceased child, were not the direct or remote issue of such child. If this be conceded, we do not perceive it discloses that it was the purpose of the testator that those whom he intended to receive his bounty should not be determined during the lifetime of the widow. It is but his declaration as to the class of persons who should take—not as to the time when the investiture should occur. His desire thereby indicated is well fulfilled by our construction of the will, *i. e.*, that his children, at and upon his death, became seized of the estate in remainder in fee.

A further argument is, that even if the remainder should be deemed to have vested at the death of the testator, yet in view of the provision of the will that at the death of the widow of the testator the estate in remainder should "go to and be divided among the children of the testator and their descendants," the interest which vested at the death of the testator should be held to be à base or determinable fee, subject to be divested as to any devisee by the death of such devisee during the continuance of the life estate without leaving "descendants" to take after the death of the widow of the testator. "A base or determinable fee is such a one as hath a qualification subjoined thereto, and which must be determined whenever the qualification annexed to it is at an end." (*Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 Ill. 83.) There is nothing in the will upon which the supposition may be reasonably based that the testator intended to qualify or limit the character of the interest to be taken

by those entitled to be vested with the remainder. The testator gave the right of exclusive possession of the premises here involved, together with the rents, issues and profits thereof, to his widow for and during her life. A fee in the remainder, subject to be divested by the death of the person seized prior to the death of the life tenant, is not, for any practical purposes, to be distinguished from a remainder contingent upon the remainder-man surviving the life tenant. That a testator designed to create such an interest or title should, in view of the policy of our law in favor of vested interests, only be declared from words found in the will unmistakably manifesting such an intent. We find nothing in the will under consideration from which such an intent can be ascribed to the testator.

The decree is right and is affirmed.

*Decree affirmed.*