INATHE CLARK

*v.*

ELIZABETH A. SHAWEN *et al.*

*Opinion filed April 18, 1901.*

1. PRACTICE—*infant defendant to chancery proceeding may file bill to impeach decree.* An infant defendant to a proceeding in chancery may file bill to impeach the decree for error apparent on its face.

2. SAME—*adult defendants cannot attack decree by original bill.* The right to attack a decree for error apparent on its face, by an original bill, is given only to an infant defendant, and not to adult defendants who have been duly served.

3. SAME—*party not assigning error cannot complain of alleged errors as to his interests.* On writ of error to reverse a decree in a chancery proceeding a party who has not sued out the writ or assigned errors upon the record cannot complain of alleged errors respecting his interests; nor can the plaintiff in error complain of any errors save those relating to his own interests.

4. WILLS—*word "heirs" ordinarily refers to the time of the testator's death.* The word "heirs" or "heirs-at-law," when used in a will, will be held to apply to those who are heirs of the testator at his death, unless the intention of the testator to refer to those who shall be his heirs at some subsequent period is plainly manifested.

5. SAME—*the law gives preference to vested over contingent remainders.* Estates in remainder vest at the earliest period possible, unless a contrary intention on the part of the testator is clearly manifest.

6. SAME—*when devise of remainder to class will vest.* In the absence of a contrary intention, a devise of a life estate, with remainder over to a class of persons not named but described, will vest the remainder, at the testator's death, in the persons then comprising the class, the right of enjoyment, only, being postponed.

7. SAME—*will construed as vesting remainder at the testator's death.* Where the testator leaves his entire estate to his wife for life with specific bequests out of the remainder at her death, and provides that "the residue of my estate, if there be any left, be divided, according to the statute of the State of Illinois, amongst all my heirs except those above named that I have excluded," the word "heirs" refers to those answering the description at the testator's death, and not to those who would be his heirs at the death of the wife.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This is a bill in chancery, filed on April 6, 1900, by the plaintiff in error, an infant, who sues by her next friend, Hettie Hall, for the purpose of reviewing, vacating and setting aside a decree entered at the November term, 1898, of the circuit court of Morgan county, in a certain proceeding instituted in said court for the purpose of construing the will of one William C. Clark, deceased, the defendants to said bill being the defendants in error herein who are the heirs and descendants of one Ruth Potts, a deceased sister of said testator, except the defendant in error, Michael Kinney, the executor of the will of said deceased testator. The plaintiff in error in her bill recites, that she sues not only in her own behalf, but on behalf of all others similarly interested, who might come in and join in the bill and assist in defraying the costs and expenses, etc. Certain persons, heirs and descendants of Sarah Clark, the widow of the deceased testator, William C. Clark, came in by petition, and asked to be made parties complainant in the bill. After the bill was amended, a general and special demurrer was filed thereto by the defendants below who are the defendants in error here; and, upon argument, the demurrer was sustained, and the bill was dismissed. The present writ of error is sued out for the purpose of reviewing the decree of the court, sustaining the demurrer to the bill and dismissing the same.

The will of William C. Clark was executed on June 24, 1882, and is set out (with the exception of the omitted clause referred to in the opinion) in *Kinney* v. *Keplinger*, 172 Ill. 449. William C. Clark died, leaving said will, on or about July 18, 1882, leaving him surviving his widow, Sarah Clark, but no child or descendant thereof, and no parent, living. Sarah Clark acted as executrix of his will until April 15, 1896, when she died intestate. On May 9, 1896, letters testamentary were granted to Michael Kinney as executor of the will of William C. Clark. Michael Kinney, as such executor, filed his bill in the Morgan

county circuit court for a construction of the will, so far only as it related to his rights as executor to control the real estate of William C. Clark, and made the heirs and devisees of the testator defendants to the bill. The bill, so filed, was prosecuted to a final decree, in which the provisions of the will relating to the real estate of the testator were construed. The present bill of the plaintiff in error alleges that said decree remains of record, but that all of the files in the proceeding, instituted by said executor for the construction of the will, have been lost, so that plaintiff in error could not state with any certainty what said bill contained.

As appears from the allegations of the present bill filed by plaintiff in error, after the rendition of the final decree in the cause of Michael Kinney, executor, against the heirs and devisees of William C. Clark, Elizabeth A. Shawen and nine other persons, defendants in error herein, being descendants of said Ruth Potts, filed a cross-bill in said proceeding instituted by the executor, which cross-bill is set out *in hæc verba* in the present bill filed in the case at bar. Said cross-bill refers to the filing by said executor of the original bill on September 22, 1896, and on the....day of February, 1898, of an amended bill against the complainants in the cross-bill and others for a construction of said will, and for other purposes. The cross-bill then sets up in substance the provisions of the will, and alleges that the deceased testator was seized of various tracts of real estate described in the bill, and of personal property to the value of $29,000.00 at the time of his death. The cross-bill, after setting up the death of Sarah Clark, the widow, and the appointment of Keplinger as her administrator, etc., names all the heirs of the deceased testator and also the heirs of his deceased wife, and makes them parties defendant thereto; and prays for a construction of the will, and alleges that all parties, expressly precluded from participation in the estate of the testator, are not entitled to any in-

190—4

terest in the residuary clause of the will; and that the heirs and next of kin of such parties are also excluded except to the extent of their specific legacies; that none of the heirs of Ruth S. Potts, the testator's sister, are excluded by the terms of the will, and that they are entitled to the residue of said estate after the payment of the specific legacies.

A decree was entered as above stated at the November term, A. D. 1898, in the proceeding, in which said original and amended bills and said cross-bill were filed, reciting that a decree had been entered theretofore on July 6, 1898, in said cause construing the will of Clark as to the powers of the executor over the real estate of the testator and reserving the questions, except those disposed of, for the further hearing and order of court; and the decree then proceeds to find, among other things, that the widow, Sarah Clark, was fully provided for by said will by the gift of testator's entire estate to her for life, and that the same was in lieu of any other interest she might have in said estate, and was accepted and enjoyed by her; and that neither she, nor her heirs or representatives, have any further interest in said estate; that said testator left as his only heirs-at-law and next of kin at the time of his death: (1) his sister, Ruth Potts; (2) his brother, Stephen S. Clark; (3) the children of his brother John Clark, Martin Clark and William J. Clark; (4) the descendants of his sister, Hannah Nation, naming them; (5) William Grover Clark, described in the will as William Rose Clark, the only son of Abner Clark, deceased's brother, making five collateral branches of descent. The decree so entered further finds that, after the payment of the expenses of administration and the specific legacies mentioned, the residue is given to said heirs according to the statutes of descent, except such as are excluded by the will, and that the will gave $100.00 to Stephen S. Clark, and provided that he is "to have nothing more from my estate." The decree further finds that

all the others, except the heirs of Ruth Potts, are excluded from participation in the residuary clause; that Ruth Potts was living at testator's death, and was the only one of his heirs, who was not excluded from participation in the residue; that she died intestate in August, 1891; that she left certain persons, who are named, as her heirs, and that her descendants are entitled to the whole of said residue; and the decree then orders the distribution of said residuary estate in accordance with the findings of the court.

The present bill, filed by the infant plaintiff in error, charges that the decree so entered at the November term, 1898, is erroneous in construing the will so as to give the descendants of Ruth S. Potts the whole of the residuary estate of William C. Clark, and in excluding plaintiff in error, and the other heirs-at-law of William C. Clark, from participation in the same; that the decree is erroneous in holding that the residuary clause of the will became operative at the death of William C. Clark, upon the alleged ground that the residuary estate is not devised to certain persons, either as individuals or as a class, but is a mere instruction to divide a fund at a given time. The bill charges, that it was the intention of the testator, that the residuum of the estate should be divided between those persons, who were his heirs-at-law at the death of his widow.

The bill further alleges that the infant plaintiff in error, Inathe Clark, is the only daughter of John Clark, the son of Stephen S. Clark, brother of the testator; that both Stephen and John died before the death of Sarah Clark.

One Solomon Morris, an infant, filed a petition in the case by his next friend, alleging that Sarah Clark, the wife of the testator, was one of the heirs of William C. Clark, and, as such, took, under the statutes of descent, one-half of all of his real estate in fee, and all his personal estate remaining after the payment of the specific legacies, and that, at her death, the same descended to

her heirs-at-law; and that certain persons, naming them, including the infant petitioner, Solomon Morris, were heirs-at-law of Sarah Clark at the time of her death. This petition of Solomon Morris charges, that the decree is erroneous in excluding the heirs of Sarah Clark from participation in the residuary estate, and prays for the vacating of the decree. Certain other persons claiming to be heirs of Sarah Clark also came in, and filed petitions for a new construction of the will.

R. W. MILLS, for plaintiff in error.

MILTON McCLURE, for the intervening complainants.

MORRISON, WORTHINGTON & REEVE, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—This is an original bill, filed by the plaintiff in error, as an infant, to impeach a decree for error apparent on its face. The infant plaintiff in error, who files the bill, was a party defendant in the proceeding, in which the decree, alleged to be erroneous, was entered. That such a bill may be filed by an infant defendant is settled by the decisions of this court. (*Loyd* v. *Malone,* 23 Ill. 41; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Gooch* v. *Green,* 102 id. 507; *Lloyd* v. *Kirkwood,* 112 id. 329).

*Second*—The plaintiff in error is the grand-daughter of Stephen S. Clark, who was a brother of the deceased testator, William C. Clark. It appears that she was not living at the time of the death of William C. Clark in 1882. Her grandfather, Stephen S. Clark, was living in 1882 when his brother, the deceased testator William C. Clark, died.

The clauses of the will of William C. Clark, which are material to the decision of this case, are as follows: "I

give and bequeath to my beloved wife, Sarah Clark, all of my real estate, personal property, moneys, goods, chattels and effects of any and every nature whatsoever to her sole use and benefit her lifetime; that, after the death of my beloved wife, Sarah Clark, whatever remains of my property I will that it be divided as hereinafter mentioned;" the will, after making about thirteen bequests to testator's various relatives, (excepting the gift of $1000.00 to Lydia Thomas, a sister of the testator's wife), proceeds as follows: "I will that the residue of my estate, if there be any left, be divided according to the statute of the State of Illinois amongst all of my heirs, except those above named that I have excluded." Among the thirteen bequests above mentioned, (which was evidently omitted by mistake in the will, as set out in *Kinney* v. *Keplinger*, 172 Ill. 449, but which appears in the will as it is set out in this record), is the following: "I will and bequeath to my brother, Stephen S. Clark, $100.00, and he is to have nothing more out of my estate." By the language of the clause last quoted Stephen S. Clark, the grandfather of plaintiff in error, was excluded from taking anything more of the testator's estate than the $100.00 expressly given to him. If the plaintiff in error has any interest in the estate of William C. Clark, it must be an interest which she inherits from or through her deceased grandfather, Stephen S. Clark; and if Stephen S. Clark took nothing at the death of the testator, then plaintiff in error has no interest whatever in his estate.

The defendants in error contend that the property, devised by the residuary clause, vested in those who were heirs of the testator at the time of his death, except such as were excluded by the express terms of the will. On the other hand, plaintiff in error contends that the bequest of the residuum was a contingent devise not taking effect until the death of the widow in 1896, and that it then passed to any of the testator's heirs-at-law, who were then living, and not expressly excluded by the will.

As Stephen S. Clark had died before the death of the widow, Sarah Clark, then if the devise of the residuum did not take effect until the death of Sarah Clark, an interest in such residuum would have passed to the plaintiff in error, as the heir of her deceased grandfather or father.

The court below in its decree found that those, who were to take under the residuary clause, were such as were heirs of William C. Clark at the time of his death and not excluded by the express terms of the will; in other words, that the title vested at the time of the death of the testator. We are of the opinion, that the court below correctly construed the meaning of the residuary clause.

The testator directs that the residue of his estate "be divided according to the statute of the State of Illinois amongst all of my heirs, except those above named that I have excluded." He had previously in his will mentioned his relatives by name, and evidently had in his mind those who should be his heirs at the time of his death, and not those who should be his heirs at some future time when his wife should die. "Ordinarily, the words 'heirs,' or 'heirs-at-laws,' are used to designate those persons who answer this description at the death of the testator. The word, 'heir,' in its strict and technical import, applies to the person or persons appointed by law to succeed to the estate in case of intestacy. (2 Blackstone's Com. 201; *Rawson* v. *Rawson*, 52 Ill. 62). Hence, where the word occurs in a will, it will be held to apply to those who are heirs of the testator at his death, unless the intention of the testator to refer to those, who shall be his heirs at a period subsequent to his death, is plainly manifested in the will." (*Kellett* v. *Shepard*, 139 Ill. 433). There is nothing in the will in the case at bar to indicate, that the testator intended to refer to those who should be his heirs at any period subsequent to his death.

Title under the residuary clause of the will of William C. Clark vested immediately upon the death of the testator in those of his heirs, who were not excluded by the terms of the will; and the vesting of such title was not postponed until the death of his widow. Unless very clear words to the contrary are found in the will, estates are deemed to vest immediately upon the death of the testator. The law always gives preference to vested over contingent remainders. It does not favor the abeyance of estates. Estates in remainder vest at the earliest period possible, unless a contrary intention on the part of the testator is clearly manifest. (*Kellett* v. *Shepard, supra*). Where there is a gift for life and a direction to pay the remainder-man upon the death of the life tenant, the gift in remainder vests at once upon the death of the testator, (*Scofield* v. *Olcott*, 120 Ill. 362; 2 Jarman on Wills, pp. 458-476), unless it appears that futurity is annexed to the substance of the gift, and does not relate to the time of payment only. In the absence of a contrary indication of testamentary intent, a devise of a life estate, with remainder over to a class of persons not named but described, will vest the remainder at the testator's death in the persons then comprising the class, the right of enjoyment only being postponed. (*Knight* v. *Pottgieser*, 176 Ill. 368). In *Grimmer* v. *Friederich*, 164 Ill. 245, where there was a devise to the testator's widow for life, with provision that, after her death, "all the remainder shall be equally divided among my surviving children and their heirs," it was held that the devise created a vested remainder in children surviving the testator, and that the vesting was not postponed until the death of the widow. The rule is that, when the will speaks of the devise as taking effect after or upon the death of the tenant of the particular estate, such words will ordinarily, if standing alone in the will, be construed as referring to the time when the estate will vest in possession only. (*Bates* v. *Gillett*, 132 Ill. 287). The principles, applicable to devises

of real estate, apply generally to gifts of personal prop-
erty.  (*Knight* v. *Pottgieser, supra; Scofield* v. *Olcott, supra*).
Where there is no original gift of personalty, but only a
direction to pay at a future time, the vesting will ordi-
narily be postponed until the time of payment.  But, if
it appears that the time relates only to the payment, and
is not annexed to the substance of the gift, the legacy is
at once vested.  (*Carper* v. *Crowl,* 149 Ill. 465; *Knight* v.
*Pottgieser, supra; Ducker* v. *Burnham,* 146 Ill. 9).

·Under the authorities above referred to, it must be
held that the title to the residuary estate, named in the
will of William C. Clark, vested at his death in those
persons who were his heirs at that time, except such
heirs as were excluded by the express terms of the will;
and Stephen S. Clark, the grandfather of the plaintiff in
error and the brother of the deceased testator, who was
alive at the time of the death of the testator, was ex-
cluded by the will from taking anything thereunder.  It
follows, that no interest ever passed to Stephen S. Clark,
which could have descended to his grand-daughter, the
present plaintiff in error.  As, therefore, the plaintiff in
error has no interest in the estate of William C. Clark,
it makes no difference what interest other persons may
have taken therein; and it is not necessary to consider
the questions raised as to such interests.  The decree,
here attacked as having given a wrong construction to
the will, was correct so far as the present plaintiff in
error is concerned.

*Third*—It is urged on behalf of the heirs of Sarah
Clark, the widow of the testator, that the decree, entered
at the November term, 1898, of the Morgan county cir-
cuit court, was erroneous as to them, upon the alleged
ground that the widow, Sarah Clark, was an heir of her
deceased husband at the time of his death, and, as such,
was entitled to all his personal property and one-half of
his real estate, he having died without children.  As we
read the record, all the heirs of Sarah Clark, the widow,

both adults and infants, were parties defendant to the proceeding, which resulted in the decree of November, 1898. That decree is binding upon the adult heirs of Sarah Clark, unless it be reversed by a direct proceeding. The right to attack a decree for error upon the face of it by an original bill, under the authorities already referred to, is given only to an infant defendant, and not to an adult defendant who has been duly served.

It is claimed, however, that Solomon Morris, one of the heirs of Sarah Clark, the widow, and an infant defendant in the original proceeding, which resulted in the decree here attacked, filed a petition in the court below to become a party complainant, and therein charged that the decree was erroneous in excluding the heirs of Sarah Clark. We decline to pass upon the question, whether the decree was erroneous or not in this respect, for the reason that Solomon Morris is not in a position to attack the validity of the decree before this court.

The only plaintiff in error, complaining before this court, is the infant, Inathe Clark. No writ of error has been sued out by Solomon Morris. There is no assignment of errors upon this record by Solomon Morris, or by any guardian *ad litem*, or next friend, acting for Solomon Morris. The only assignment of error, made upon the present record, is an assignment of error by plaintiff in error, Inathe Clark, to the effect that the court below erred in sustaining the demurrer to the bill, etc. The present plaintiff in error, Inathe Clark, can only allege errors, which relate to her own interest. She cannot allege errors, which relate exclusively to Solomon Morris, who is not complaining, and who is not before the court. Nor can Solomon Morris allege errors, inasmuch as he has not sued out any writ of error, or assigned any errors upon the record. (*Richards* v. *Greene*, 78 Ill. 525).

The decree of the circuit court is affirmed.

*Decree affirmed.*