NORA BROWN, Appellee, *vs.* BERT BROWN, Appellant.

*Opinion filed February 23, 1912.*

1. WILLS—*when words will be construed as referring to time when estate will vest in possession.* Words declaring that a devise shall take effect after or upon the death of the tenant of a particular estate will ordinarily, if standing alone in the will, be construed as referring to the time when the estate will vest in possession.

2. SAME—*when title vests at once and the possession, only, is deferred.* Although a gift arises wholly out of directions to pay or distribute *in futuro,* yet if such deferment is not for reasons personal to the legatee or devisee but merely to let in a life estate, the vesting of the gift in remainder is not postponed but the title vests at once, and the possession, only, is deferred.

3. SAME—*courts are disposed to give an estate of inheritance to the first donee.* Courts are disposed to adopt such a construction as will give an estate of inheritance to the first donee.

4. SAME—*when clause does not divest remainder.* Where the testator devises a remainder in fee to his children at the death of the widow, a subsequent clause providing that if a certain son dies before the widow his daughter shall take no interest in the testator's estate does not operate to divest the son of the remainder devised to him.

APPEAL from the Circuit Court of Coles county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

JOHN P. HARRAH, and A. C. ANDERSON, for appellant.

SUMNER S. ANDERSON, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Coles county upon a bill for partition filed by appellee, Nora Brown. William F. Brown died testate, seized of a farm of about 120 acres situated in said county. His last will duly probated, after providing for the payment of his just debts and devising a house to his widow absolutely, reads as follows:

"*Third*—I hereby give, devise and bequeath all the rest and residue and remainder of my estate, real, personal or mixed or whatsoever, unto my beloved wife, Matilda C. Brown, to have and to hold the same to her own use for and during her natural life or so long as she remains my widow, and in the event of her re-marriage, then to have and take only such interest in the property, real, personal or mixed, mentioned in this clause of this will, that she would take under the statute should I have died intestate.

"*Fourth*—Upon the death or re-marriage of my said wife, then it is my will that my estate then remaining be divided between my lawful heirs, as provided by the statute of the State of Illinois, except as provided in clause 4½ of this will.

"*Clause 4½*—If my son Ramey Brown shall die before my said wife or before her re-marriage, then his daughter, Helen Brown, shall take no interest in any part of my estate but shall receive one dollar in lieu thereof."

The testator left him surviving his widow, Matilda C. Brown, and nine children. The widow died without re-marrying but lived longer than the son Ramey Brown. The latter, by his will, after providing for the payment of his just debts, etc., left ten dollars to his daughter, Helen, (his only heir-at-law,) and the balance of his property to his wife, the appellee, Nora Brown. The decree of the lower court found that Nora Brown was the owner of an un-

divided one-ninth interest in the farm sought to be partitioned, subject to certain liens.

The sole question to be decided is what interest Ramey Brown took under his father's will. It is conceded that if clause 4½ had been omitted he would have taken a vested interest in the farm. The rule is, that when the will speaks of a devise as taking effect after or upon the death of the tenant of the particular estate, such words will ordinarily, if standing alone in the will, be construed as referring to the time when the estate will vest in possession. (*Bates* v. *Gillett,* 132 Ill. 287; *Clark* v. *Shawen,* 190 id. 47.) Although the gift arise wholly out of directions to pay or distribute *in futuro,* yet if such deferment is not for reasons personal to the devisee or legatee but merely because the testator desired to appropriate the subject matter of the devise or legacy to the use and benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but the title will vest at once, only the possession being deferred. (*Knight* v. *Pottgieser,* 176 Ill. 368; *Carter* v. *Carter,* 234 id. 507.) The only object here in postponing the division of the estate was that the widow might enjoy it during her lifetime or widowhood. It is the disposition of the courts to adopt such a construction of a will as to give an estate of inheritance to the first donee.

The testator clearly by that part of the will before clause 4½ gave a vested interest in remainder to his nine children, including Ramey Brown. For some reason he intended to exclude his grand-daughter, Helen Brown, from all interest (except one dollar) in his estate. But this clause did not divest Ramey Brown of his interest. From this conclusion it necessarily follows that the will was properly construed by the trial court.

The decree of the circuit court will be affirmed.

*Decree affirmed.*