Jasen, J. (dissenting).
In this proceeding to construe a trust instrument, I agree with the conclusion that, for the purposes of this trust, the appellant is not an issue or decedent of George Peabody. I differ, however, with the majority’s interpretation of the trust instrument that the children of George Peabody, Jr. are entitled, under a per stirpes distribution, to the share of trust income which would be payable to their father, George Peabody, Jr., were he not specifically excluded from sharing therein. Although the majority’s desire to award the income to these three children is laudable, their unhesitating pursuit of *951 this goal disregards the clear intent of the settlor and the well-established rule of per stirpes distribution.
George Peabody, Jr. was expressly disinherited by the settlor throughout the trust instrument. Consequently, his three children are the only possible eligible heirs in the line of George Peabody, their grandfather, who was one of five children of the settlor. A reading of the trust instrument indicates that upon the death of an income beneficiary, without surviving issue, such beneficiary’s share of the income “ shall be paid over in equal shares to such of the children of the * * * [settlor] or the issue of such of them as shall have died subsequent to the date of these presents, per stirpes and not per capita (with the exception of George Peabody, Jr. * * * who is expressly excluded from any share * * *), as may then or thereafter * * *, be living ”.
Thus, the crucial issue presented on this appeal is whether, under a per stirpes distribution, the specific exclusion of a living heir also results in the exclusion of his children.
In my view, where a per stirpes distribution to issue is clearly intended, children of an heir, living at the time of the vesting of the gift, cannot take under a gift to issue, per stirpes (7 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 43, par. 4, p. 280). “A disposition or distribution of property is per stirpes when it is made to persons who take as issue, in equal portions, the share which their deceased ancestor would have taken if living. ” (EPTL 1-2.14.) Under this accepted definition of per stirpes, designed to serve as an aid to draftsmen, the term has a precise meaning for the disposition or distribution of property. In short, one who takes per stirpes, takes by representation and not in his own right. (See Black’s Law Dictionary [4th ed.], p. 1294.)
Consequently, the children of George Peabody, Jr. derive their rights to a share of the trust income through their father, who, under the trust instrument, was expressly excluded from any share. It is difficult to perceive, under a per stirpes distribution, how secondary issue, such as George Peabody, Jr.’s children, can be included under the term ‘‘issue’’ when the primary issue, the father, is living and specifically excluded.
This precise issue has been decided in Central Hanover Bank & Trust Co. v. Alsop (76 N. Y. S. 2d 650). There, two surviving children of a disinherited daughter sought to take, under a trust *952 instrument, as issue of their mother. The court held that the children were excluded since, under a per stirpes distribution, they could take only by representation. (See, also, Clark v. Shawen, 190 Ill. 47.)
The Restatement of the Law of Property (§ 305, comment v, p. 1688) has also adopted this rule. Although the Restatement (§ 305) provides for an exception to this rule, it is only applied to prevent the gift from failing where the issue of the excluded heir are the sole heirs of the settlor. Under such circumstances, the rule provides that the heirs of the settlor are determined as if the excluded person were dead (see illustration 11, p. 1689). This exception, however, is inapplicable here since there are other living heirs of the settlor to prevent the gift from failing.
Much is made over the fact that the settlor did not specifically exclude the issue of George Peabody,' Jr. However, there was no need to specifically exclude these children (one of whom was born prior to the settlor’s death) because the disinheritance of their father and the specific provision for per stirpes distribution of the trust income would combine to precisely achieve this result.
Moreover, the result reached by the majority is not only contrary to the well-settled meaning of per stirpes distribution, but also disregards the intent of the settlor expressed in the instrument.
Although the settlor repeatedly made provisions for the issue of all his heirs, he never once mentioned the issue of George Peabody, Jr. This meticulous care taken to mention the others indicates, first, that he expected these three children not to share under the accepted rule of per stirpes distribution; and, second, that he would have specifically mentioned these children if he expected them to share. Further indication of this intent is found in the plan of distribution for the share of the settlor’s son, George Peabody, Sr. The share was to eventually be given to Joseph Peabody (the brother of the disinherited George Peabody, Jr.) and his issue, or, if Joseph Peabody left no issue, the share was to be divided per stirpes amongst the issue of Stephen Peabody, Jr. and Cornelia Romilly. Thus, the testator indicated that if Joseph Peabody died without heirs (and he did), the line of George Peabody was to die out for inheritance purposes and the children of George Peabody, Jr. were not to take under the trust instrument. The interpretation of the *953 majority overlooks this expressed intent, as well as the well-settled rule of per stirpes distribution.
I would modify the judgment by striking therefrom the award of one fourth of the income from the share of Stephen Peabody, Jr. to the issue of George Peabody, Jr.
Order affirmed, etc.